[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Peter and Deborah Dallicker, commenced this action against the defendants, the City of Norwalk, the Redevelopment Agency of the City of Norwalk, the Maritime Center Authority of the City of Norwalk and the Norwalk Maritime Center at Norwalk, Inc., to recover damages for personal injuries allegedly sustained while descending a stairway at the Norwalk Maritime Center. The plaintiffs claim that their injuries and losses were the result of the defective design and construction of the stairway. Thereafter, the defendants filed a third-party action against Graham Gund Architects (Graham Gund), the architect responsible for the design of the Maritime Center, alleging breach of contract and negligent design of the stairway. CT Page 4104
Graham Gund has filed a motion (#136) for summary judgment as to the third-party complaint on the grounds that the third-party action is barred by the applicable statutes of limitations and that the contractual indemnification and contribution claims asserted by the third party plaintiffs are legally insufficient. In support of this motion, Graham Gund submitted a copy of the third-party plaintiffs' response to Graham Gund's request for admissions, which includes copies of the agreement between Graham Gund and the third-party plaintiffs as well as the certificate of occupancy.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.) Home Ins.Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001
(1995).
The agreement between Graham Gund and the third-party plaintiffs provides in pertinent part: "as to all acts or failures to act by either party to this Agreement, any applicable statute of limitations shall commence to run and any alleged cause of action shall be deemed to have accrued in any and all events not later than the relevant Date of Substantial Completion of the Work." Furthermore, the third-party plaintiffs admit that substantial completion of the Maritime Center and actual occupancy of the Maritime Center occurred in July of 1988, and that a July 15, 1988 certificate of occupancy was issued by the City of Norwalk building department in connection with the Maritime Center.
Because the third-party action was not commenced until July of 1995, seven years after substantial completion of the Maritime Center, Graham Gund argues that the third-party plaintiffs' claims, which are based on negligence and breach of contract, are barred by the applicable three and six year statutes of limitations, General Statutes §§ 52-584a and 52-576. The third-party plaintiffs argue that the applicable statute of limitations is General Statutes § 52-584a, which establishes CT Page 4105 a seven year statute of limitations for actions against architects and professional engineers. According to the plaintiff, substantial completion of the subject project occurred on July 15, 1988, the date the certificate of occupancy was issued. In addition, the third-party plaintiffs argue that service of the third-party complaint, upon the Secretary of State as agent for service of process, occurred on July 11, 1995, as evidenced by the return of service attached to the third-party complaint. Therefore, the third-party plaintiffs argue that the third-party complaint was served upon the third-party defendant less than seven years after substantial completion of the subject project, and was timely pursuant to the application statute of limitations, General Statutes § 52-584a.
The applicable statute of limitations for actions against architects or professional engineers to recover damages for any deficiency in the design, planning or construction of improvements to real property is the seven year period contained in General Statutes § 52-584a. Woodside Green Condominium Association, Inc. v.Woodside Green, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 091368 (August 24, 1993, Lewis, J.) (8 C.S.C.R. 945). Furthermore, Graham Gund's reliance on R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 504 A.2d 542
(1986) is misplaced. Number 86-266 of the 1986 Public Acts amended § 52-584a by deleting the language relied upon by the court inCivitello, and the legislative history of Public Act 86-266 indicates that the legislature intended to reverse the Civitello decision. Woodside Green Condominium Association, Inc. v. WoodsideGreen, Inc., 8 C.S.C.R. 945-46. Accordingly, Graham Gund's motion for summary judgment on the ground that the third-party plaintiffs' claims are barred by the statute of limitations set forth in General Statutes §§ 52-584 and 52-576 is denied.
Graham Gund also argues that it is entitled to summary judgment as to the claim for contractual indemnification in the second count of the third-party complaint on the ground that the agreement between the parties does not contain an indemnification provision. The third-party plaintiffs do not oppose the motion for summary judgment as to the second count and are withdrawing their claim for contractual indemnification from the third-party complaint.[1]
A review of the agreement between the parties reveals that it does not contain an indemnification provision. Accordingly, Graham Gund's motion for summary judgment as to the second count of the CT Page 4106 third-party complaint is granted.
Finally, Graham Gund argues that the third-party plaintiffs have no right of contribution against Graham Gund, as asserted in the "wherefore clause" of the third-party complaint, because Graham Gund has not been made a party to the action by the plaintiff. In response, the plaintiffs argue that the third-party complaint does not seek contribution from Graham Gund, but rather apportionment of liability. To the extent that the "wherefore clause" of the third-party complaint appears to seek contribution, the third-party plaintiffs are amending that clause to state that they seek apportionment of liability as opposed to contribution.[2]
Generally, the right to contribution "exists only in post judgment proceedings pursuant to General Statutes § 52-572h (h)."Aponte v. Johnson, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 114281 (September 18, 1992, Rush, J.) (7 Conn. L. Rptr. 364, 366). In addition, a defendant in a tort action may not assert a claim for contribution against a third-party defendant as he is not a "liable defendant" for purposes of § 52-572h(g). Intertown Realty Co. v. New EnglandHeating Cooling, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 367243 (May 8, 1992, Miano, J.) (6 Conn. L. Rptr. 404, 405; Gurton v. Board ofEducation, Superior Court, judicial district of New Haven at New Haven, Docket No. 304261 (April 9, 1991, Hodgson, J.) (3 Conn. L. Rptr. 452). Furthermore, damages may not be apportioned under General Statutes 52-572 (h)(c) to a third-party defendant because apportionment is authorized only with respect to parties to the original, first-party action. Shuhl v. New Haven Food Terminal,Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 309459 (April 26, 1994, Hartmere, J.) (11 Conn. L. Rptr. 416, 429).
Nevertheless, a prayer for relief does not constitute a cause of action and, thus, a motion to strike rather than a motion for summary judgment, is the only pretrial method to attack a prayer for relief. Hoey v. Textron, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 270203 (March 17, 1994, Rodriguez, J.) (9 C.S.C.R. 423). Graham Gund's motion for summary judgment on the issue of contribution is not directed at any of the counts in the third-party complaint, and instead attacks the third-party plaintiffs' claim for contribution in the prayer for relief. Accordingly, the motion for summary judgment as to the third-party plaintiffs' claim for contribution in the "wherefore CT Page 4107 clause" is denied.
So Ordered.
Dated at Stamford, Connecticut, this 15 day of April, 1997.
WILLIAM BURKE LEWIS, J.